THE BOARD OF COMMISSIONERS OF GRANT COUNTY *v.* MILES.

TREASURER'S FEES—STATUTES CONSTRUED.—The Treasurer of a County is entitled to five per cent. as commissions, only on the amount he may collect on the delinquent list, to be furnished him by the Auditor, after his *March* settlement with the Auditor, and before he receives the duplicate for the next year.

SAME.—For the amount of taxes collected on his duplicate, as well delinquent as current, after he receives said duplicate, and before he makes his *March* settlement, his compensation is regulated by the Act of *June* 4, 1861. Acts special session, 1861, p. 41.

APPEAL from the *Grant* Circuit Court.

WORDEN, J.—The question involved in this case, is whether

a County Treasurer is entitled to five per cent. on the whole amount of delinquent taxes, which he may collect throughout the year; or, whether his compensation for collecting delinquent taxes upon the duplicate, after it is delivered to him, which is to be done between. the first *Monday* of *June* and the fifteenth day of *October*, and before he makes his settlement with the Auditor, which is to be done on the third *Monday* of *March*, is to be governed by the act of *June* 4th, 1861, in relation to County Treasurers' fees. Acts spec. ses. 1861, p. 41. The Court below held that, he was entitled to five per cent. on the whole amount collected during the year; upon the amount collected upon the duplicate as well as otherwise. We will notice such of the statutory provisions as seem to furnish a solution of the question.

The tax duplicate is to be placed in the hands of the treasurer for collection, between the times above specified. 1 G. & H., p. 97, sec. 93. The duplicate is to contain, amongst other taxes, delinquent taxes for any preceding year, remaining unpaid. Acts spec. ses. 1861, p. 92, § 78. It is the duty of the Treasurer to proceed to collect the same, for which purpose he is to attend at his office until the third *Monday* of *March* next thereafter. Sec. 94. On the third *Monday* of *March*, the Treasurer is required to settle with the Auditor, who charges him with the amount of the duplicate, less the taxes which are unpaid. Taxes which then remain unpaid are considered delinquent. The Auditor records the list of delinquencies and delivers the same to the Treasurer, who is required to collect the same. Acts spec. ses. 1861, p. 91. After the settlement thus made, the Treasurer is required to call upon every delinquent tax payer of the county, and if necessary, distrain property for the collection of the delinquent tax. 1 G. & H. p. 98, sec. 102. By the next section, it is provided that, on the 15th of *October*, the Treasurer shall file with the Auditor schedules of such delinquent taxes collected,

and shall receipt to the Auditor for the amounts. Then follows sec. 104, as amended in 1861. Acts spec. ses. 1861, p. 94 as follows:

"The said Treasurers shall be allowed for their services in making such collections, 5 per centum on the amount of all such, collections of delinquent taxes, payable in just proportions out of each fund collected, and shall also be allowed constable's fees and mileage, from the place of holding elections in each township, to the residence of each delinquent tax payer, which shall be collected from such tax payer."

Taking these provisions together, we are of opinion that it was not the intention of the legislature, that the Treasurer should receive 5 per cent. on the amount of delinquent taxes he might collect on the duplicate, after receiving it and before the *March* settlement, but only on the amount he might collect after that settlement, on the list to be furnished him by the Auditor, and before the duplicate for the next year was placed in his hands. The language of section 104 does not admit of any other construction; it provides compensation for such collections; what collections? Such, as we understand it, as are made upon the lists furnished by the Auditor, by virtue of which the Treasurer is required to call upon the delinquent tax payers, and, if necessary, distrain property.

The same section which allows the 5 per centum, allows also constable's fees, &c., showing clearly that it was not intended to apply to taxes, though delinquent, which were collected on the duplicate, and for the collection of which the Treasurer is not required by law to go out of his office. For the collection of taxes upon the duplicate, as well delinquent as current, after he receives the same, and before he makes his *March* settlement, compensation is provided in the act of *June* 4th, 1861. Acts spec. ses. 1861, p. 41.

*Per Curiam.*—The judgment below is reversed, with costs.
*Oscar B. Hord,* Attorney General, for the appellant.
*McDonald & Roache, J. Brownlee,* and *W. P. Fishback,* for the appellee.