WELLS, AUDITOR, ET AL. *v.* SHOEMAKER, AUDITOR OF STATE.

FEES AND SALARIES.—*Delinquent Taxes.*—*Construction of Statute.*—A county treasurer, under the Fee and Salary act of February 21st, 1871, it was *held,* could not claim any percentage for the collection of taxes on his current duplicate, which taxes had been returned delinquent, but not having been collected by the treasurer upon a precept issued to him by the county auditor for the collection of delinquent taxes, had been carried forward and placed upon the duplicate for the current year.

APPEAL from the Marion Common Pleas.

BUSKIRK, C. J.—This was an action commenced by the auditor and treasurer of Bartholomew county for a writ of mandate against the auditor of state. The complaint avers that the auditor of Bartholomew county made out his certificate, as required by the 123d section of the act providing for assessment of taxes (1 G. & H. 102); and that the treasurer of said county presented said certificate to the

auditor of state, and demanded a certificate and draft upon the treasurer of state, as required by section 6 of an act to establish a treasury system (1 G. & H. 647); and that the auditor of state refused to receive such certificate of the auditor of said county, and also refused to issue a certificate and draft to the treasurer of state, because the auditor of said county had allowed the treasurer of said county nineteen dollars and fifty-four cents for collecting one thousand three hundred and eighty-eight dollars and twelve cents for delinquent taxes. The auditor of state entered his appearance, and filed an answer, in which he admitted the facts stated in the complaint, but sought to avoid them by averring that the delinquent taxes so collected by the treasurer of said county had been carried forward upon the duplicate for the current year, and collected as current taxes, and had not been collected by the said treasurer as delinquent taxes upon a precept issued to him by the county auditor for the collection of delinquent taxes.

To this answer the appellants filed a demurrer, which was by the court overruled, to which ruling an exception was taken. The appellants refusing to plead further, final judgment was rendered for the appellee. The appellants have assigned for error the overruling of the demurrer to the answer of the appellee. The precise question presented for our decision may be briefly stated thus: Can a county treasurer, under the fee and salary act of February 21st, 1871, claim any percentage for the collection of taxes on his current duplicate, which taxes had theretofore been returned delinquent, but, not having been collected by the treasurer upon a precept issued to him by the county auditor, for the collection of delinquent taxes, had been carried forward and placed upon the duplicate for the current year?

The twenty-ninth section of the fee and salary act, after fixing the salary of county treasurers, closes with these words: "And shall have in addition the fees and commissions now allowed by law for the collection of delinquent taxes." Acts 1871, p. 38.

It is upon the above quoted words that the appellants base their right to charge the fees in question. We think it very clear that these words do not refer to any taxes placed on the current year's duplicate, but only to taxes collected by the treasurer as delinquent taxes upon the precept issued by the county auditor for the collection of the delinquent taxes, and where the same is collected by virtue of such precept, by the voluntary payment thereof or by the distress and sale of the delinquent tax-payers' property. The delinquent taxes which the treasurer fails to collect on such precept are carried forward and placed upon the duplicate for the current year, and are, during the time the treasurer holds that duplicate, collected as current taxes are collected, and the treasurer has no right to charge for the collection as though he had collected such taxes upon the precept for the collection of delinquent taxes. Section 78, 1 G. & H. 94, defines clearly just what the current duplicate shall contain, while sections 103 and 104, 1 G. & H. 98, clearly show that taxes, for the collection of which the treasurer can claim on the ground that they are delinquent, are not, and cannot be, taxes collected on the current duplicate, and collected as current taxes are collected.

The case of *The Board of Commissioners of Grant County v. Miles*, 21 Ind. 438, is clearly in point, and is decisive of the case under consideration. In that case it was directly decided that the treasurer was only entitled to charge the five per cent. and constable's fees for taxes collected as delinquent, when the same were collected upon the precept issued to him by the auditor; and that when such delinquent taxes are not collected on such precept, they are carried forward and placed upon the duplicate for the current year, and are to be collected and paid for as current taxes.

We do not deem it necessary to go into a careful and critical examination and comparison of the various sections of the act for the assessment and collection of taxes, for this was done with great accuracy and completeness in the above case. It is to be presumed that section 29 of the fee,

and salary act was framed and passed in view of the construction which had been placed upon the law in the above decision.

Prior to the passage of the recent fee and salary act, the compensation of county treasurers consisted of commissions upon the amount of taxes collected on the current duplicate, and for delinquent taxes collected upon the precept issued by the auditor for the collection of delinquent taxes; but by the above act they are to receive a fixed salary, and all commissions and fees are taken away, except those allowed by law for the collection of delinquent taxes. It surely was not intended by the legislature to give the treasurer, in addition to his salary, a commission on delinquent taxes which had not been collected on a precept, but had been carried forward and placed upon the current duplicate. The treasurer would have as much right, in justice, to demand and receive a commission on the other taxes on the duplicate as on the taxes which had been returned delinquent, but, not having been collected on a precept, had been carried forward and placed on the duplicate; for the collection of the delinquent taxes occasions no more expense or labor than the collection of the other taxes on the duplicate. But the collection of delinquent taxes on a precept imposes additional labor and expense upon the treasurer; for he is required to call upon, in person or by deputy, every delinquent tax-payer in the county and demand the payment of such delinquent taxes; and upon a failure to pay on demand, he is required, by distress and sale of the goods and chattels of such delinquent tax-payers, to make such taxes, with ten per centum damages and costs. After a levy has been made, the treasurer has to give ten days' public notice of the time and place of the sale, by advertisements posted up in at least three public places in the township where such sale shall be made. At the time and place named in the notice of sale, the treasurer is required to attend and sell enough of the property levied on, at public auction, to make said taxes, damages, and costs.

For these services the treasurer is allowed five per cent. on the amount collected, and the same fees and charges as are allowed by law to constables for making levy and sale of property on execution. See Acts of Special Session of 1861, p. 94. The legislature, in doing away with the commissions heretofore allowed treasurers, very wisely continued in force the law which gave them compensation for collecting delinquent taxes on a precept. The obvious purpose of the legislature was to secure the prompt collection of delinquent taxes, and this purpose would be defeated if county treasurers have the right, when they have failed and neglected to discharge their plain duty to collect the delinquent taxes on a precept, to have them carried forward and placed upon the duplicate, and when thus collected to charge and receive a commission thereon. It is our duty to carry into full effect the legislative will, and not to defeat it.

The court below committed no error in overruling the demurrer to the answer.

The judgment is affirmed, with costs.

*J. W. Nichol* and *L. Jordan,* for appellants.

*J. E. McDonald, J. M. Butler,* and *E. M. McDonald,* for appellee.