### FORESMAN, TREASURER, *v.* JOHNSON, AUDITOR.

FEES AND SALARIES.—*County Treasurer.— Compensation for Collecting Delinquent Taxes.—Statutes Construed.*—Construing section 14 of the fee and salary act of March 12th, 1875, 1 R. S. 1876, p. 471, and sections 152 and 155 of the assessment act of December 21st, 1872, 1 R. S. 1876, p. 111, together, a county treasurer is entitled to receive and retain, out of *all* delinquent taxes collected by him, a commission of five per cent. on amounts voluntarily paid, and six per cent. on amounts paid after levy, regardless of the time in the year when such collections are made.

SAME.—*Cases Distinguished.—The Board of Comm'rs, etc*, v. *Miles*, 21 Ind. 438, and *Wells* v. *Shoemaker*, 39 Ind. 115, distinguished.

From the Tippecanoe Circuit Court.

*J. M. LaRue* and *F. B. Everett*, for appellant.

*H. W. Chase, F. S. Chase* and *F. W. Chase*, for appellee.

NIBLACK, J.—This was a case under the provisions of section 386 of the code, 2 R. S. 1876, p. 190, submitted upon an agreed statement of the facts, signed by the parties respectively, as follows:

" Said Bennett Foresman is the duly elected, qualified and acting treasurer of Tippecanoe county, Indiana, and has been such treasurer for more than one year last past; that the said Cyrenius Johnson is the duly elected, qualified and acting auditor of said county, and has been for more than five months last past; that, on the 15th day of December, 1878, the said plaintiff, as such treasurer, received from the defendant, said auditor, the tax duplicate for the year 1878, of said county; that the whole amount of taxes upon said duplicate, which the plaintiff was thereby required to collect, was three hundred and seventy-one thousand dollars and upwards; that, of this amount, one hundred and fifty-two thousand dollars, and upwards, were for delinquent taxes, assessed against persons who had failed to pay the April instalment for the year 1878, due on taxes of the year 1877 and previous years, which said delinquent taxes were carried forward against the proper persons and their property, in separate columns provided for that purpose on said duplicate; that, from the time of the receipt of said duplicate by said plaintiff, on the 15th day of December, 1878, as aforesaid, to the third Monday in April, 1879, the plaintiff, as such treasurer, collected from the proper persons, of said delinquent taxes, the sum of twenty thousand dollars and upwards, belonging to said county.

" The parties further agree, that they are now engaged in making the settlement required by law to be made between the plaintiff, as such treasurer, and the defendant, as such auditor, under the provisions of the 180th section of 'An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon,' as amended by the act of March, 1877, in the Acts of the Regular Session of 1877, at page 142, and it is necessary for said settlement to be completed on or before the 19th day of May, 1879.

" The parties further agree, that the said Bennett Fores-

Foresman, Treasurer, *v.* Johnson, Auditor.

man, as such treasurer, claims and insists, in said settlement, that he is entitled to retain from the said delinquent taxes of twenty thousand dollars and upwards, so belonging to said county of Tippecanoe, five per centum, making in all one thousand dollars and upwards, and that said defendant, as such auditor, denies the right of said plaintiff to retain from said delinquent taxes, of twenty thousand dollars and upwards, to exceed the amount of allowance by law for the collection of current taxes, which are not and never have been delinquent, which allowance can not exceed one per centum upon such collections.

" The parties further agree, that the claim of the plaintiff of his legal right, as such treasurer, to retain said five per centum on said delinquent taxes collected as aforesaid, and the denial of said right by the defendant, is a matter in controversy between the parties, and that the same shall be submitted to the circuit court of said county for its decision upon this agreed statement of facts, and that the court shall render such judgment upon these facts as could be rendered in any legal proceeding that might be instituted by either party for the adjudication of the rights of the parties, and their duties as such officers as aforesaid, in the premises, whether such proceedings were instituted upon an application for mandate, or for any other remedy authorized by the laws of the State of Indiana."

This agreed statement of facts was accompanied by the affidavit of both parties, stating that the controversy was real, and that the proceedings were in good faith, to determine the rights of the parties to such controversy.

Upon the facts, as above presented, the court held, as a conclusion of law, that the plaintiff, as such treasurer, was not entitled to receive any greater compensation for collecting delinquent taxes between the 15th day of December, 1878, and the third Monday in April, 1879, than is allowed by law for the collection of current taxes during

that period, which is one per centum, as above stated, to which conclusion of law the plaintiff at the time excepted. Judgment was thereupon rendered for the defendant, from which the plaintiff has appealed to this court.

Under the old law for the assessment of property and the collection of taxes thereon, as it stood prior to the passage of the act of December 21st, 1872, it was the duty of the county treasurer to receive from the county auditor the tax duplicate, which contained the current taxes and also the delinquent taxes of the preceding years, whenever presented to him, between the first Monday in June and the 15th day of October, in each year. Such treasurer was required to devote one month after his reception of the duplicate to visiting at stated times the several townships of the county. After the expiration of such month, he had to remain in his office for the collection of such taxes, current as well as delinquent, until the third Monday in March of the next year, when it was his duty to settle with the auditor for all taxes collected by him up to that date. The treasurer was then required, immediately after his annual settlement with the Auditor of State, which followed soon after his settlement with the county auditor, either in person or by deputy, to call upon every delinquent tax-payer in his county, and, if necessary, to distrain property for the collection of taxes shown to be delinquent upon his settlement with the county auditor, together with penalty and interest thereon. For making "such collections," the treasurer was allowed five, afterward eight, per centum, in just proportion out of each fund collected, and, in addition, constable's fees and mileage. 1 G. & H. 97, 98.

In the cases of *The Board of Commissioners of Grant County* v. *Miles*, 21 Ind. 438, and of *Wells* v. *Shoemaker*, 39 Ind. 115, it was held by this court, that, under the foregoing provisions of the old law, a county treasurer was

only entitled to receive the same compensation for collecting delinquent taxes carried forward upon the duplicate after the duplicate was regularly placed in his hands, until the third Monday in March following, which was allowed him for collecting current taxes during the same period, and that it was only for delinquent taxes collected after the third Monday of March, for the collection of which he was required to make an extraordinary effort, that he was permitted to charge a commission of five, afterward eight, per centum, in addition to constable's fees and mileage.

By the act of December 21st, 1872, 1 R. S. 1876, p. 72, above referred to, it is provided, that " The county treasurer shall receive from the county auditor the duplicate of taxes whenever presented between the first Monday in June and the fifteenth day of December ; " and " In case any person shall refuse or neglect to pay the tax imposed on him, the county treasurer shall, after the third Monday of April, levy the same, together with ten per centum damages, and the costs and charges that may accrue, by distress and sale of the goods and chattels of such person who ought to pay the same, whenever the same may be found within the county : Provided, that the county treasurer shall at all times have power to levy and collect [delinquent] or other than a current year's taxes ; and it is hereby made such treasurer's duty to levy and collect such delinquent taxes, whether they be charged upon a current year's duplicate or otherwise, as well before as after his return and settlement for a current year's taxes." Secs. 152, 155, p. 111.

The act of March 12th, 1875, fixing the fees and salaries of certain officers, provides, amongst other things, that county treasurers shall receive an annual compensation of one thousand dollars each, in quarterly instalments, in March, June, September and December, and that such " County treasurers shall also charge and receive, as a fur-

ther compensation, at the rate of one per centum on the first one hundred thousand dollars of taxes by them collected; and on all sums collected in excess thereof, one-half of one per centum, to be paid as provided in section thirteen. They shall also receive and retain out of all delinquent taxes collected, five (5) per centum, when paid voluntarily, and without levy, and six per centum if paid after levy; and the treasurer shall be allowed the same fees and charges for making distress and sale of goods, and chattels for the payment of taxes, as may be allowed by law to constables for making levy and sale of property on execution." See sections 13 and 14, 1 R. S. 1876, p. 471.

It will thus be seen that the act of December 21st, 1872, *supra*, makes it the duty of the county treasurer to levy and collect delinquent taxes at all times during the year, and that, by the act of March 12th, 1875, *supra*, he is allowed five per centum for collecting all delinquent taxes when paid voluntarily, and without levy, and six per centum if paid after levy.

We think the construction given to the old law, as regards the compensation of county treasurers for collecting delinquent taxes, by the cases of *The Board of Commissioners of Grant County* v. *Miles*, and *Wells* v. *Shoemaker*, above alluded to, is not applicable to so much of the two last named acts as relates to such compensation, but that, under said acts, when fairly construed together, such county treasurers are entitled to receive and retain, out of all delinquent taxes collected by them, a commission of five per centum when paid voluntarily, or six per centum after levy, whether collected between the 15th day of December and the third Monday in April, or at any other time during the year.

With these views, we are necessarily constrained to hold that the court below erred in its conclusions of law drawn from the agreed statement of facts submitted to it as

above set forth, and that, for that reason, the judgment will have to be reversed.

The judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.