## THE BOARD OF COMMISSIONERS OF MORGAN COUNTY v. JOHN A. GREGORY.

*Collecting Delinquent Taxes—Commission of Treasurer.*—A county treasurer has, at all times, power to levy and collect delinquent or other than a current year's taxes, and is required to levy and collect them, whether charged on the current year's duplicate or otherwise, as well before as after his return and settlement for the current year's taxes, and is entitled to charge a commission of five per cent. on such taxes paid voluntarily.

Filed June 22, 1881.

Appeal from Morgan Circuit Court.

Opinion of the court by Mr. Justice Niblack.

This was an action by John N. Gregory, late treasurer of Morgan county, against the board of commissioners of that county to recover an additional compensation for the collection of delinquent taxes for the years 1873 and 1874.

At the request of the defendant the court made a special finding of the facts. The facts as found may be stated as follows:

That from the 5th day of August, 1873, until the 21st day of March, 1878, the plaintiff was the duly elected, qualified and acting treasurer of the said county of Morgan; that the plaintiff, as such treasurer, collected delinquent taxes from the tax duplicate of the year 1873, and prior to the first day of May, 1874, to the amount of $3,916.88, and reported the amount thus collected to the defendants in his May settlement of 1874; that the plaintiff, as such treasurer, collected delinquent taxes from the tax duplicate of the year 1874, and prior to the 1st day of May, 1875, to the amount of $5,828.48, and also reported the amount thus collected to the defendants in his May settlement for the year 1875; that all of said delinquent taxes were collected by the plaintiff as such treasurer, without levy or sale; that the plaintiff has received for collecting

such delinquent taxes one per cent. thereon, and that the defendants have refused to allow him any more or greater compensation for his services in collecting such taxes; that the additional compensation of four per cent. claimed by the plaintiff would make the sum of $389.82; that all of said collections were upon the current duplicates as carried forward from the delinquent registers, and not upon the regular delinquent lists.

From these facts the court come to the conclusion that the plaintiff was allowed to charge a commission of five per cent for collecting delinquent taxes for the years 1873 and 1874, and that he was consequently entitled to recover the additional four per cent so claimed by him, that is to say, the said sum of $389.82.

The defendants excepted to the conclusions of law thus drawn by the court, but the court notwithstanding rendered judgment against them for said sum of 389.82.

Error is assigned upon the conclusions of law as above stated.

The principal question involved in this case was settled in favor of the appellee by the case of *Foresman* v. *Johnson*, 65 Ind. 132. In that case it was held, and we think held correctly, that, under section 155 of the act of December 21, 1872, for the assessment and collection of taxes, R. S. 1876, vol. 1, 111, a county treasurer has at all times power to levy and collect delinquent, or other than a current year's, taxes, and is required to levy and collect such delinquent taxes, whether charged upon the current year's duplicate, or otherwise, as well before as after his return and settlement for the current year's taxes.

It was further held in that case that, under that section, and section 14 of the act of March 12, 1875, concerning the fees and salaries of certain officers, a county treasurer is entitled to charge a commission of five per centum upon all delinquent taxes collected during the year, when paid voluntarily, without reference to the period of the year in which such delinquent taxes may have been collected.

Section 5 of the act of March 8, 1873, regulating the fees and salaries of certain officers, Acts of 1873, 124, which continued in force until superceded by the act of March 12, 1875, provided that a county treasurer should receive five per centum on all delinquent taxes collected when paid voluntarily and without levy.

This latter section, when taken in connection with section 155

of the act of December 21, 1872, *supra*, must also be construed to have applied to all delinquent taxes collected during the current year, when paid voluntarily and without levy, and without reference to the particular time of the year at which such delinquent taxes may have been collected.

The conclusion is inevitable that the appellee was entitled to charge and to receive a commission of five per centum on all delinquent taxes collected by him from the duplicates of the years 1873 and 1874, and that the judgment below ought to be affirmed.

The judgment is affirmed with costs.

Levi Ferguson, for appellants.

George A. Adams and John S. Newby, for appellee.